DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on remand from the Ohio Supreme Court for application of Hollon v. Clary, 104 Ohio St.3d 526,2004-Ohio-6772. See Akins v. Harco Ins. Co. of N. Am., 106 Ohio St.3d 41,2005-Ohio-3557. Accordingly, Akins is reinstated on this court's docket for the sole purpose of applying Hollon to appellant/cross-appellee Ellen Akins' first assignment of error.[1] The insurer involved in appellant's first assignment of error is Old Republic Insurance Company ("Old Republic"). See Akins v. Harco Ins. Co., 158 Ohio App.3d 292,2004-Ohio-4267.
 {¶ 2} In Akins, the Lucas County Court of Common Pleas found, inter alia, that the appellant's son, the decedent, was not entitled to underinsured motorist ("UIM") coverage under a leasing company's motor vehicle insurance policy because that company validly rejected UIM coverage. Id. at 22. In reaching this decision, the trial judge considered extrinsic evidence, specifically, an affidavit, in determining whether the requirements of Linko v. Indemnity Ins. Co. of N. Am.,90 Ohio St.3d 445 were met. Id. On appeal, this court decided that the trial court erred in considering this extrinsic evidence and held that Old Republic failed to make a valid offer of UIM coverage to the leasing company; therefore, the decedent was entitled to UIM coverage under the Old Republic insurance policy by operation of law. Id. at ¶ 29. Old Republic then appealed our decision to the Ohio Supreme Court.
 {¶ 3} Subsequently, the Ohio's high court decided Hollon, holding:
 {¶ 4} "A signed written rejection of uninsured/underinsured motorist coverage is valid under the H.B. 261 version of R.C. 3937.18 if it was made in response to an offer that included a brief description of the coverage and the coverage premiums and limits. Once a signed rejection is produced, the elements of the offer may be demonstrated by extrinsic evidence." Id. at the syllabus.
 {¶ 5} In Hollon, as in the case before us,[2] the insurer produced a written offer/rejection of UM/UIM coverage. Hollon, at ¶ 3; Akins, at ¶ 29. However, each of these written offers did not contain a premium.Hollon, at ¶ 3; Akins, at ¶ 29. Nevertheless, in both Hollon andAkins, the insurer provided an unrebutted affidavit averring that the insured was informed of the premium for UM/UIM coverage prior to rejecting that coverage. Hollon, at ¶ 6; Akins, at ¶ 22. Thus, because the pertinent facts in Akins are on all fours with the relevant facts inHollon, we are constrained to conclude, on remand, that appellant's first assignment of error is not well-taken.
 {¶ 6} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas as it relates to appellant's first assignment of error is affirmed. Appellant is ordered to pay the costs of that portion of this appeal that involves Old Republic Insurance Company for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
Judgment Affirmed as to First Assignment of Error.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J., Judge, Concur.
[1] Appellant's first assignment of error reads:
"The trial court erred when it concluded that the Old Republic policy did not provide underinsurance motorist coverage for this incident."
[2] It is undisputed that the issue of UIM coverage in this cause falls under the H.B. 261 version of R.C. 3937.18.